## A. S. CRONK

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

### *Filed at Ottawa December 6, 1889.*

1. PERJURY—*materiality.* In replevin for a lot of books, the plaintiff read in evidence a bill of sale from the defendant to him of the books, after which the defendant proved by a witness that the signature to the bill of sale was not in the handwriting of the defendant, and thereupon the plaintiff had the defendant sworn, and called him as a witness, and asked him whether the signature to the bill of sale was his, and he answered, "No:" *Held,* that the defendant was liable to an indictment for perjury if his testimony was false, it being material in the case.

2. SAME—*upon what issues the false testimony may be given.* A party may waive any pleading upon which he might insist as a condition precedent to the introduction of evidence by the other party; and when the other party shall give such evidence of a fact not made an issue by the pleadings, the former can not afterward deny its materiality.

3. PLEADING AND EVIDENCE—*non est factum in replevin.* Where the plaintiff in an action of replevin introduces in evidence a bill of sale purporting to be made to him by the defendant, an affidavit denying its execution is not required before the defendant may introduce evidence that he did not execute the same. The plea of *non est factum* is unknown in replevin.

4. NEW TRIAL—*verdict against the evidence—in criminal cases.* As the jury in a criminal case are regarded by the law as peculiarly qualified to pass upon the question of guilt or innocence, it is violative of both the letter and the spirit of the Criminal Code to set aside a verdict finding the defendant guilty merely because this court may, on the written evidence in the record, entertain doubts of the correctness of the finding. Unless the court is clearly satisfied that the verdict, under the evidence, was wrong, it must stand.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. RUNYAN & RUNYAN, for the plaintiff in error:

The execution of the bill of sale not having been put in issue by a plea or affidavit denying its execution, all testimony as to its execution was immaterial, and perjury can not be assigned

on such testimony.   Rev. Stat. chap. 79, sec. 56; *Glazier* v. *Streamer*, 57 Ill. 91; *Zuel* v. *Bowen*, 78 id. 234; *Archer* v. *Bogue*, 3 Scam. 256; Greenleaf on Evidence, secs. 195, 197.

Mr. GEORGE HUNT, Attorney General, for the People:

The execution of the bill of sale was the only point in issue, no matter how raised, and evidence to prove or disprove such execution was material.   It may be that such issue was not properly raised, but it was raised on the trial.

Evidence having been admitted, although wrongfully, the witness is bound to speak the truth, and if he testifies falsely thereon, perjury may be assigned.   *Regina* v. *Phillpots*, 2 Den. C. C. 302; 3 C. & K. 135; *Regina* v. *Gibbon*, L. & C. 109.

.Perjury may be committed on the trial of an indictment which is afterward held void upon a writ of error.   3 Russell on Crimes, 21; *Regina* v. *Burriston*, 4 Jurist, 697; *Regina* v. *Meek*, 9 C. & P. 513; *Mullett* v. *Hunt*, 1 C. & M.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This writ of error brings before us for review the record of the conviction of the plaintiff in error, in the Criminal Court of Cook county, of the crime of perjury.   The perjury is alleged to have been committed on the trial of an action of replevin for a lot of law books, wherein one Edward E. Sawyer was plaintiff, and A. S. Cronk, the present plaintiff in error, was defendant, before one Foote, a justice of the peace for Cook county.

Upon the trial before the justice of the peace, Sawyer produced what purported to be a bill of sale of the law books of Cronk to himself, and testified that Cronk executed it; and after some corroborative evidence of its execution, it was given in evidence to the jury, and the plaintiff then rested his case. The defendant, Cronk, thereupon introduced a witness on his behalf, who testified that the bill of sale was not executed in.

Cronk's handwriting; and it is claimed by the People, but denied by the plaintiff in error, that Sawyer's counsel, at that time, called Cronk as a witness on behalf of Sawyer; that Cronk was then sworn by the justice of the peace to testify as a witness in the case, and that immediately thereafter Cronk was examined, by the counsel for Sawyer, as a witness, and testified that he did not execute the bill of sale. There is ample evidence to show that if Cronk was in fact sworn and examined as a witness, as thus claimed, and that if his testimony was material to the issue being tried before the justice of the peace, his testimony, as thus claimed to have been given, was false, and he was properly convicted of perjury. But it is contended on behalf of plaintiff in error, first, that the evidence fails to establish, with sufficient certainty, that Cronk was sworn to testify as a witness in the case; second, that the trial before the justice of the peace was upon a written instrument the execution of which was denied, but such denial not being under oath, evidence that it was not executed was inadmissible, and perjury can not be assigned upon evidence which is legally inadmissible under the issue being tried. We are unable to yield our assent to either of these contentions.

*First*—The justice of the peace before whom the trial was had, testified that he recollected that Cronk was sworn before the commencement of the trial, on an application that he then made to continue the cause to another day for trial on account of the absence of witnesses, but that he did not remember whether he was afterwards sworn as a witness on the trial or not. Three witnesses,—Edgar Terhune, attorney for Sawyer on the trial before the justice of the peace, Edward E. Mills, a former attorney of Sawyer, and a witness on that trial, and Sawyer himself,—testified that Cronk was sworn as a witness on the trial, on the request of Terhune, and that after being so sworn, he testified that he did not execute the bill of sale. They concur as to the circumstances under which he testified, which are thus detailed by Terhune, as shown by the abstract:

"Mr. Cronk was sworn by Justice Foote as a witness, and testified on the 12th day of July, 1888. I acted as attorney for Mr. Sawyer on the trial. Mr. Cronk was sworn upon the question of a continuance. There was a jury there. I called Mr. Sawyer and Mr. Mills, and they testified, and that closed my case. Mr. Cronk called a stranger—a constable—whose name I don't recollect, and he testified that the bill of sale was not in the handwriting of Mr. Cronk, and the signature was not Mr. Cronk's handwriting, and Mr. Cronk said, 'That is my case.' I then said, 'Mr. Cronk, do you deny that this bill of sale is in your handwriting?' He replied, 'I am not under oath—I am not a witness.' I said, 'Mr. Cronk, I will call you to the stand.' I called Justice Foote, and he swore him, and I said, 'Is that in your handwriting?' He answered, 'No bill of sale from me to Sawyer is in my handwriting.' I asked, 'Is this instrument (showing him the bill of sale) in your handwriting?' He hesitated a moment, and then said, 'No.' 'And is that your signature?' said I, indicating signature to to bill of sale. Said he, 'No.'"

There was a jury in the trial before the justice of the peace, and four of the jurymen testified that Cronk was not sworn as a witness, and did not testify as such upon the trial. From the circumstances detailed by Terhune, Mills and Sawyer, it is not probable that they were mistaken. The probabilities are that they either testified truly, or that they willfully fabricated that to which they testified. That, however, can not be said with equal confidence as to the testimony of the jurymen. The evidence shows that the windows of the room in which the trial was had were up, and that much noise came in from the street; that Cronk conducted his own case, was sworn on an application made by him to continue the cause to a subsequent day for trial, on account of the absence of witnesses, argued the sufficiency of the grounds stated by him, examined the witnesses of Sawyer, and examined his own witnesses upon the trial; that questions were addressed to him, personally, as to

the genuineness of his signature to the bill of sale; that Cronk did not occupy the same position with reference to the position of the justice of the peace, during the trial, that the other witnesses did; and the testimony of those who testified that Cronk was sworn is, that the justice of the peace administered the oath in a "low and mumbling manner," and so the jurors may have been mistaken. It is the duty of the jury to reconcile all the evidence, if possible, and to assume that no one has willfully testified falsely, unless there is no reasonable escape from that conclusion. They are regarded by the law as peculiarly qualified, in criminal cases, to pass upon the question of guilt or innocence, and it is violative of both the letter and the spirit of our Criminal Code to set aside a verdict merely because we may, on the written evidence in the record before us, entertain doubts of the correctness of the finding of the jury. Unless we are clearly satisfied that the verdict is, under the evidence submitted to the jury, wrong, it must stand. We can not say here that we are thus satisfied.

*Second*—The action before the justice of the peace was not "founded" upon the bill of sale, so as to require a denial of its execution by affidavit before evidence that it was not executed could be admitted, within the contemplation of section 56, chapter 79, of the Revised Statutes of 1874. The action was founded on Sawyer's right of present possession and Cronk's unlawful detention of the property replevied, and the bill of sale was competent evidence in proving Sawyer's right of present possession. The plea of *non est factum* is unknown in actions of replevin, and it would be as much out of place there as in an action of ejectment. Moreover, this is, in any view, but a matter of pleading. One party may waive any plea upon which he might insist as a condition precedent to the introduction of evidence by the other party, and where the other party shall give evidence of a matter which is only admissible on the assumption that he has, by plea, raised an issue which he has not raised, he can not take advantage of it.

By giving the evidence, he asserts its materiality, and the other party not objecting, the question of pleading is out of the case. In such case, at most, the giving of the evidence could only have been error to have been availed of by the party against whom it was given, over objection, and perjury may therefore be assigned upon it. 3 Wharton on Crim. Law, (7th ed.) sec. 2225, and cases cited in note n.

The judgment is affirmed.

*Judgment affirmed.*