## CARROLL v. BARBER et al., executors.

1. As a general rule, the death of a party pending the trial causes a mistrial, and no further proceedings can be had in the cause until parties have been made, when the case must be tried de novo. This rule applies to a case pending before an auditor.
2. When the competency of a witness depends on the determination of a question of fact, the decision of the judge will not generally be disturbed, if there is any evidence to authorize his finding.

Argued March 12, — Decided March 30, 1904.

Exceptions to auditor's report.    Before Judge Roan.    Clayton superior court.    February 12, 1903.

*Anderson, Anderson & Thomas*, for plaintiff.
*R. L. Berner* and *W. L. Watterson*, for defendants.

SIMMONS, C. J.    Carroll sued Barber, and the case was referred to an auditor.    Pending the case Barber died, and his legal representatives were made parties in his stead.    The auditor made a report, to which the plaintiff filed exceptions both of law and fact. All the exceptions of fact were withdrawn, as well as all of the exceptions of law except four.    The court overruled these four exceptions, and the plaintiff brings the case here in a bill of exceptions assigning error upon this ruling.

1. During the lifetime of Barber the auditor proceeded to hear the case, and after having heard several witnesses for the plaintiff, including the plaintiff, the hearing was adjourned until a future day.    Before this day arrived Barber died, and nothing further was done by the auditor until the defendant's legal representatives were made parties to the case by an order of the judge of the superior court.    After parties were thus made, the auditor proceeded to hear the case, and a motion was made to exclude so much of the testimony of the plaintiff which had been delivered at the former hearing as related to transactions or communications be-. tween her and Barber, the deceased.    The auditor sustained this motion, and this ruling was made the subject of one of the exceptions of law.    In the argument here there was a disagreement between counsel as to whether the testimony of the plaintiff was completed at the former hearing, or whether the adjournment was had with a reservation of the right of the defendant to further cross-examine the plaintiff.    For the purposes of this decision we

will treat the matter as if the contention of the plaintiff in error were correct, that is, that at the time the auditor adjourned the hearing the examination of the plaintiff in her own behalf had been completed. Such being the case, should the auditor, at a subsequent hearing, after the defendant had died and his legal representatives had been made parties in his stead, have excluded this testimony so far as it related to transactions or communications between the plaintiff and the deceased? While the case is dealt with upon the assumption that the testimony of the plaintiff in her own behalf had been completed, it must be kept distinctly in mind that the testimony in the case was not completed and that the defendant had not been heard in his own behalf at the time the adjournment took place. The general rule seems to be, that if, pending a reference, one of the parties dies, the effect upon the proceeding is the same as if the trial had been in progress before the court making the order of reference. 17 Enc. P. & P. 1042. If the case had been on trial before a jury in the superior court, and the plaintiff had testified in her own behalf, had been fully cross-examined, and had retired from the stand, and pending a recess of the court, without reference to the time of the recess, whether one hour, one day, or longer, the defendant had died, the effect upon the proceeding would have been that a mistrial would have been declared; and after parties had been made the case would have been for trial de novo. The result would be similar in the event the trial were proceeding before the judge without the intervention of a jury. We see no reason why the death of the defendant would not have a similar effect upon the case when it was pending before the auditor. The auditor would be powerless to proceed until parties were made by an order of the court in which the case originated. While the authority of auditors has been very much enlarged by legislation in recent years, there is, so far as we know, no law authorizing an auditor to make parties where one of the parties dies pending the reference. Even if the death of a party does not revoke the order of appointment, the auditor has no authority to proceed with the case until parties have been made in the manner above referred to. When the auditor proceeds with the hearing after the making of parties, the case is to be dealt with just as if a new order of reference had been made. If testimony has been heard at a former hearing, that testimony is

not to be considered unless by consent of the parties as they exist at the time of the new hearing; and objections to the competency of witnesses may be made upon grounds which exist at that time, without regard to whether they existed at the time of the former hearing. When the hearing was had before the auditor after parties had been made in the place of the defendant, the plaintiff was an incompetent witness as to transactions or communications between her and the deceased, and, by the very terms of the statute, her evidence was to be excluded. Civil Code, § 5269, par. 1. The judgment of the auditor was therefore right, and it is immaterial upon what ground he based his ruling, or upon what ground the judge overruled the exception to this ruling.

2. The three remaining exceptions relate to the exclusion of testimony of the plaintiff's husband. The auditor held that, under the evidence, the plaintiff's husband was her agent, and that he was incompetent to testify to any transactions or communications between himself and the deceased. When the competency of a witness depends upon the determination of a question of fact, the judge whose duty it is to pass upon the question of competency determines this question from the evidence before him, and his decision on such question is to be treated as his decision on other questions of fact would be, and is not generally to be interfered with by a reviewing court, if there is any evidence to support his conclusion on the question of competency. See, in this connection, *Dowdy* v. *Watson*, 115 *Ga.* 42. In reference to the fourth exception of fact, which relates to a conversation between the plaintiff's husband and the deceased, concerning certain cotton which the former had delivered to the latter, there appears to have been in the evidence objected to, without reference to other portions of the evidence, enough for the auditor to find that, so far as the delivery of the cotton was concerned, the plaintiff's husband was acting on her behalf and was her agent for this purpose. What was the motive of the wife in sending the cotton is another question. Whether she was influenced by interest in her husband's welfare, or by a previous agreement that had been made between him and the deceased, in which he had promised to carry her cotton to the deceased, to be applied to his debt, is immaterial. The husband was carrying the wife's cotton to his creditor with the authority and under the direction of the wife,

and whether this was in pursuance of a lawful or unlawful agreement, so far as the delivery of the cotton was concerned, the husband was the wife's agent, and what was said by either party pending the delivery constituted communications between the deceased and the agent of the living party, and was therefore properly excluded under the very terms of the evidence act. Civil Code, § 5269, par. 5. The objection was not under paragraph 4 of the section just cited, which provides that a person not a party, when interested in the result of the suit, is incompetent under certain circumstances; and therefore the decisions in *Hidell* v. *Dwinell,* 89 *Ga.* 532 (2), and *Crawford* v. *Parker,* 96 *Ga.* 156 (2), are not in point. While it does not distinctly appear in the evidence set forth in the second and third exceptions that the plaintiff's husband was acting as her agent at the time of the communications therein referred to, we do not think the exclusion of this testimony was erroneous, for the reason that it simply related to an agreement between the husband and the deceased that the wife's cotton should be used in payment of the husband's debt. But no cotton was delivered at the time of these communications, and what was then said would have little or no material bearing on the question as to whether cotton which was subsequently delivered was or was not the wife's cotton, or, if it was, whether the deceased knew this fact. The husband might have agreed to deliver the wife's cotton, and still the cotton actually delivered have been his own. We do not think there was any error in excluding any of the evidence objected to.

*Judgment affirmed. All the Justices concur.*