### 7989.   GRIMES *v.* MURRAY, administratrix.

1. When the competency of a witness depends upon the determination of a question of fact, the decision of the judge as to his competency will not generally be disturbed, if there is any evidence to authorize such a finding.
2. If it is found by any one calculation authorized by law and evidence, whether it be one adopted by the jury or not, that the verdict can be sustained, this court will not control the discretion of the presiding judge in overruling the motion for a new trial.
                                DECIDED JUNE 15, 1917.

Complaint; from city court of Newnan—Judge Post.   November 3, 1916.

*W. C. Wright,* for plaintiff in error.   *Hall & Jones,* contra.

BLOODWORTH, J.   1.   The first ground of the amendment to the motion for a new trial in this case is as follows:   "Because the court erred in not permitting the defendant to prove by the witness Lou Grimes that for the money paid to S. M. Murray, deceased, on the purchase price of which the notes sued on were partly given, S. M. Murray always gave receipts for such payments, and that about the year 1912 the witness and the defendants went to said S. M. Murray for a statement as to said land transaction,

and carried the said receipts, and said S. M. Murray took them and looked them over and made out a statement of the amounts which had been paid on the land, and then took the receipts and wadded them up, threw them in the fireplace or on the floor, and witness picked some of them up; that the two memorandums which defendants offered in evidence, and which show that John had paid $395.62, Andy $380.74, Henry $424.74, and Lou $397, were made out and turned over to witness by the said S. M. Murray, and show the amounts which each of said persons had paid on the purchase price of said land. Defendants offered to prove all of the above by the said Lou Grimes, but the court refused to allow said evidence to go to the jury, on the ground that said S. M. Murray, being agent of the plaintiff, and being deceased at the time of the trial, and that said Lou Grimes, under her evidence, was a party at interest in said transaction, the said evidence was not admissible. Movants contend that said evidence was admissible, and that the evidence did not show that the said Lou Grimes was interested in the result of said trial or in the subject-matter of the suit in such a way as to disqualify her as a witness; that her only interest was that which a wife would naturally feel in her husband and which a mother would naturally feel in the affairs of her sons." Our Supreme Court has held that "When the competency of a witness depends on the determination of a question of fact, the decision of the judge will not generally be disturbed, if there is any evidence to authorize his finding." Carroll v. Barber, 119 Ga. 856 (2) (47 S. E. 181). There seems to be abundant evidence to sustain the ruling of the judge holding the witness Lou Grimes incompetent and rejecting her evidence, as she herself swore that she was the wife of one of the defendants and the mother of the other two, and that there was an agreement between her and her husband and sons that she and her husband were to have one hundred acres of the land, and her sons fifty acres each; that while her name was not on the bond, still, by agreement with her husband and sons, who held the bond for title, she was to have an interest in the land, and that she did help and had paid part of the purchase price; and that she did not know what part of the land she was to get, as the land was not to be divided between them until paid for. Even if the rejection of the evidence referred to in this ground of the motion was error, it was harmless. To show that "S. M. Murray always gave re-

ceipts for such payments, and that about the year 1912 the witness and the defendants went to said S. M. Murray for a statement as to said land transaction, and carried the said receipts, and said S. M. Murray took them and looked them over and made out a statement of the amounts which had been paid on the land, and then took the receipts and wadded them up and threw them in the fireplace or on the floor, and witness picked some of them up," could not have had any effect on the case. The only part of the excluded evidence referred to above that was of any probative value was that "the two memorandums which defendant offered in evidence, and which show that John had paid $395.62, Andy $380.74, Henry $424.74, and Lou $397, were made out and turned over to witness by the said S. M. Murray, and show the amounts which each of said persons had paid on the purchase price of said land" at the time the memorandums were made out, which was "about the year 1912;" and the brief of evidence shows that Lou Grimes did testify to these facts in practically the same language, and the memoranda themselves were introduced.

2. The second ground of the amendment to the motion for a new trial is as follows: "Because under no view of the evidence offered could the jury have legally rendered such a verdict as was returned in said case." This does not point out the iniquity in the verdict, and is but another way of saying that the verdict is contrary to the evidence. If the jury had accepted the evidence of the plaintiff, the verdict would have been for a much larger amount. The evidence of the defendant is not sufficiently definite to demonstrate that the verdict should have been for a less amount. "If it is found by any one calculation authorized by law and evidence, whether it be the same adopted by the jury or not, that the verdict can be sustained, then this court will not control the discretion of the presiding judge in overruling the motion for a new trial." *Donaldson* v. *Cothran,* 60 *Ga.* 603 (1). There appears to be ample evidence to support the verdict, and the motion for a new trial was properly refused.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*