23982. COOPER v. SIMMONS, executor.

SUTTON, J. Plaintiff executor sued for money had and received. He made out a prima facie case, showing that the defendant had in possession $300 alleged to belong to the estate of the plaintiff's testate. Defendant's defense, that the money was paid to him by the deceased by virtue of a contract between them, was based solely upon the testimony of defendant's wife. The trial court ruled out her testimony upon the ground that it appeared that she was financially interested in the fruits of the alleged contract or was a party thereto. Thereupon the court directed a verdict for the plaintiff, and the defendant moved for a new trial, the motion was overruled, and he excepted. *Held:*

1. When the testimony of a witness is objected to upon the ground that he is incompetent to testify, the question must, as a general rule, be decided by the trial judge. *Goodson* v. *State*, 162 *Ga.* 178 (132 S. E. 899); Civil Code (1910), § 5856.

(a) Under the rule that "When the competency of a witness depends upon the determination of a question of fact, the judge whose duty it is to pass upon the question of competency determines this question from the evidence before him, and his decision on such question is to be treated as his decision on other questions of fact would be, and is not generally to be interfered with by a reviewing court, if there is any evidence to support his conclusion on the question of competency," the ruling of the trial judge in this case, in excluding the testimony of the defendant's wife as to the alleged contract between the deceased and the defendant, her husband, by virtue of which, the defendant contended, he was entitled to the $300 sued for by the plaintiff executor, will not be interfered with by this court. *Zipperer* v. *Doyle*, 124 *Ga.* 895 (53 S. E. 505); *Dowdy* v. *Watson*, 115 *Ga.* 42 (41 S. E. 266); *Carroll* v. *Barber*, 119 *Ga.* 856 (47 S. E. 181); *Grimes* v. *Murray*, 20 *Ga. App.* 264 (92 S. E. 1007).

2. With this testimony excluded from the consideration of the jury, there was no evidence before the jury in support of the defendant's defense, and, the plaintiff having proved a prima facie case, the trial judge properly directed a verdict in the plaintiff's favor; and the trial judge did not err in overruling defendant's motion for a new trial, based on the general grounds, on the exclusion of the above testimony of the defendant's wife, and on the direction of the verdict.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 12, 1934.

*Oliver & Oliver,* for plaintiff in error.
*Wheeler & Kenyon,* contra.