DORMINY *v.* RUSSELL, executor.

No. 11107.   JULY 1, 1936.

*McDonald & McDonald,* for plaintiff in error.

*Jay & Garden,* contra.

RUSSELL, Chief Justice.  Between the years 1910 and 1918, A. B. C. Dorminy acquired title to several tracts of land in Ben Hill County, the deeds into him being duly recorded.  In 1922 he procured a loan of $4000 from E. A. Russell, executing to him as evidence thereof a promissory note secured by a security deed to the land referred to.  In 1925 Russell obtained a judgment against Dorminy on the note, with a special lien on the land described in the security deed.  Thereafter E. A. Russell died.  The execution based on the judgment procured in 1925 was levied on the land given as security for the debt, after J. B. Russell as executor of the will of E. A. Russell had executed a deed of reconveyance for the purpose of levy and sale.  To the land thus levied on Mrs. A. B. C. Dorminy filed a statutory claim, and an equitable amendment thereto, asserting that the property had been purchased with money furnished by her to her husband out of her separate estate, that title thereto was taken in his name without her knowledge, that he held title thereto as her trustee, and that these facts were known to E. A. Russell at the time he made the

loan. On the trial the judge directed a verdict in favor of the plaintiff in fi. fa. A motion for new trial was overruled, and the claimant excepted.

The first eight special grounds of the motion for new trial assign error on the admission of certain security deeds executed by the defendant in fi. fa. to various grantees, conveying the land involved in this proceeding, or part thereof. The objection was that said deeds were made by A. B. C. Dorminy, "and unless it is shown by the authority of the claimant in this case, it is irrelevant and immaterial, and does not illustrate any issue in the case, and would not be binding upon her."

Ground 9 assigns error on the ruling refusing to allow in evidence testimony of A. B. C. Dorminy that the claimant asked him to buy for her certain of the property involved. Grounds 10 and 11 complain of rulings excluding from evidence testimony of A. B. C. Dorminy that he did not ever notify his wife that he had taken the deed in his name. Ground 12 complains of a ruling refusing to allow A. B. C. Dorminy to answer the following question: "Did you tell her that you borrowed some money on this place from Dr. Russell?" Movant avers that if the witness had been permitted, he would have answered the question, "I did not." Ground 13 complains that the court erred in refusing to allow A. B. C. Dorminy to testify: "Shortly prior to the time that Dr. E. A. Russell made the loan to A. B. C. Dorminy I informed Dr. E. A. Russell, plaintiff in fi. fa., who is now deceased, that the property in question was the property of my wife, and that she paid for it; that Dr. Russell asked me about buying part of the property, and I told him I couldn't sell it, that it belonged to my wife;" all of which took place before the deed to secure debt was executed by A. B. C. Dorminy to E. A. Russell. Ground 14 complains of the admission in evidence of the bankruptcy schedules of A. B. C. Dorminy, over the objection that they were irrelevant and immaterial and were pleadings of A. B. C. Dorminy and not of Mrs. Dorminy, and it was not shown that she authorized or had any knowledge thereof. Ground 15 complains of the direction of a verdict in favor of the plaintiff, asserting that under the evidence and the pleadings there were issues of fact which should have been submitted to the jury; and that the evidence did not demand a verdict in favor of the plaintiff, but there was evidence which

would have authorized the jury to find in favor of the claimant.

■ Counsel for both parties concede that the question presented in ground 13 of the motion for new trial is the crux of the case, and the decision upon this point is controlling, regardless of the questions raised by the preceding grounds. In solving the question, the exceptions to Code of 1933, § 38-1603, must be properly construed. Among them are the following: (4) "Where a person not a party, but a person interested in the result of the suit, shall be offered as a witness, he shall not be competent to testify, if as a party to the cause he would for any cause be incompetent." (5) "No agent or attorney at law of the surviving or sane party, at the time of the transaction testified about, shall be allowed to testify in favor of a surviving or sane party, under circumstances where the principal, a party to the cause, could not testify; nor shall a surviving party or agent testify in his own favor, or in favor of a surviving or sane party, as to transactions or communications with a deceased or insane agent, under circumstances where such witness would be incompetent if deceased agent had been principal." A. B. C. Dorminy was interested as a witness in behalf of the claimant, and offered to testify that the deceased plaintiff in fi. fa., E. A. Russell, was informed by him that the realty to which he took a security deed, and upon which he advanced $4000, was not Dorminy's property but was the property of his wife, the claimant. Under both the exceptions which we have quoted, the court correctly excluded this testimony. That A. B. C. Dorminy was the general agent of his wife in a plenary capacity was admitted in judicio by the claimant herself, for she more than once repeated this statement in her testimony. She was obviously incompetent to testify to any transaction she may have had with Russell, the deceased. Code of 1933, § 38-1603 (1); *Powell* v. *Powell,* 151 *Ga.* 533 (107 S. E. 520). It is clear from the oral and documentary evidence that Dorminy was an interested party and as such was disqualified under the Code, § 38-1603 (4). The evidence is uncontradicted that he had lived on the property and had been in possession of it ever since the separate parcels were purchased, and over a period extending from 15 to 27 years. It was his home for a long number of years, and he lived on it at the time of the execution of the note and security deed to Russell. If the property should be found subject and be sold to satisfy the

judgment, it will be absolutely necessary for Dorminy to find another home and remove himself and his family from the premises levied on. From this viewpoint he has a deep interest in the result of the trial. If the wife should establish that the title to the land levied on is vested in her, Dorminy will be liable to an action for a breach of warranty. The cause now sub judice is not an ordinary claim case, where a third party entirely disconnected in any way with the defendant files a mere statutory claim. The claimant in this case filed an equitable amendment in which she undertook to set up a secret and undisclosed equity based on an alleged implied trust existing between herself and her husband. When this amendment was filed and allowed, the case became a suit in equity and involved equitable principles. It became an action by the wife to enforce an implied trust, and by appropriate decree to have a court of equity vest in her the title to the property in question and thereby divest the title which for from 15 to 27 years has reposed in her husband. Under the equitable amendment, if the claimant should prevail, all of Dorminy's property would be divested, and he not only would lose his title thereto, but would become liable on his warranty of title to third persons who held liens junior to that of the defendant in error. As appears from this record, Dorminy is vitally concerned in the result of this litigation. Without referring to numerous other circumstances in the record, as to the proceedings in bankruptcy, the return of the property for years for taxation in his own name, etc., it is apparent that the court did not err in the ruling as to the admissibility of this testimony.

In cases involving the question of agency between husband and wife, where both parties are endeavoring to refute the existence of the agency, it is of necessity a question of fact for the determination of the trial judge in passing on the question whether or not the witness whose testimony is offered is competent or incompetent. In *Dowdy* v. *Watson,* 115 *Ga.* 42 (41 S. E. 266), it was held that "The competency of a witness must be decided by the court." In that case Mr. Justice Cobb said: "When the competency of a witness is called in question, and the facts upon which the alleged incompetency arises are disputed, the decision of these facts rests in the first instance with the judge, who should, after a preliminary examination, determine the facts, unless he

concludes in his discretion to submit them to the jury. In determining the question the incompetency of the witness 'may be proved by the witness himself, or by other testimony; if proved by other testimony, the witness is incompetent to explain it away.'" In *Carroll* v. *Barber,* 119 *Ga.* 856, 858 (47 S. E. 181), Chief Justice Simmons, delivering the unanimous opinion of the court, said: "When the competency of a witness depends upon the determination of a question of fact, the judge whose duty it is to pass upon the question of competency determines this question from the evidence before him, and his decision on such question is to be treated as his decision on other questions of fact would be, and is not generally to be interfered with by a reviewing court, if there is any evidence to support his conclusion on the question of competency." Under the ruling just stated, since there was sufficient evidence to authorize the judge to find that A. B. C. Dorminy was not only an interested witness but was also the agent of the claimant, his decision upon this point should not be disturbed. As said by Mr. Justice Gilbert in *Kitchens* v. *Pool,* 146 *Ga.* 229, 232 (91 S. E. 81), "Whether evidence is admissible in cases like this is often attended with the greatest difficulty; for while the rule of law in regard to admissibility is precisely fixed, its proper application is not so simple. 'No precise and uniform test of the relevancy of testimony is furnished by law. The question must be determined in each case according to the facts of that particular case, and in accordance with the teachings of reason and judicial experience.'"

■ The court did not err in overruling the ground of the motion for new trial which complained of the admission in evidence of schedules A-2 and B-1 of the petition in bankruptcy, made by the witness Dorminy. In these schedules the witness stated on oath that the property under levy was his own. On the trial now under review he swore that the same property was his wife's. This evidence was clearly admissible for the purpose of discrediting the testimony of the witness.

■ It is alleged that the court erred in directing the verdict, because there were issues of fact which should have been submitted to the jury. Since the judge properly excluded the testimony of A. B. C. Dorminy as to an alleged conversation with the deceased plaintiff in fi. fa., there is no evidence of any kind tend-

ing to show that the plaintiff in fi. fa. had any notice whatever of Mrs. Dorminy's secret equity, and therefore the rights of the plaintiff in fi. fa. were not affected. Under the ruling in *De-Loach* v. *Sikes*, 169 *Ga.* 465 (150 S. E. 591), following *Sikes* v. *DeLoach*, 166 *Ga.* 887 (144 S. E. 655), the verdict so directed was demanded, and no other verdict could lawfully have been rendered. "Where a wife having a secret equity in land allowed the title to remain in her husband for many years, and permitted him to hold out and deal with the land as his own, and credit was, without notice of the secret equity, extended to him on the faith of his ownership, either by direct credit to him or the purchase of his outstanding promissory note, and the creditor obtained judgment against the husband and caused execution to be levied upon the land, to which the wife interposed a claim, and these facts were shown by the evidence without substantial conflict on the trial, a verdict finding the property subject to the fi. fa. was demanded." The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*