28404. POWELL, administratrix, *v.* BUSSELL.

DECIDED NOVEMBER 23, 1940. REHEARING DENIED DECEMBER 16, 1940.

*J. C. Newsome, Thomas W. Hardwick,* for plaintiff in error.
*Harris & McMaster, E. W. Jordan,* contra.

BROYLES, C. J. Miss Lillie Mae Bussell sued Mrs. Martha L. Powell, as administratrix of the estate of John H. Powell, deceased. A demurrer to the petition was overruled and exceptions taken to that judgment. The case proceeded to a verdict and judgment in favor of the plaintiff for "the sum of $15,000 principal and interest $993.02." A motion for new trial was overruled, and that judgment was assigned as error.

The plaintiff alleged in her petition that in 1919, when she was fifteen years old, on the request of John H. Powell, she entered his home as "one of the family;" that Powell was a bachelor and lived with his brother, George Powell, who was married; that she moved into the house "for the purpose of aiding in all necessary household work and duties, actively aiding and assisting Mrs. George Powell in the performance of all the domestic work required to keep and maintain a home for the said John H. Powell and his brother, George Powell." The petition further alleged that the brothers were partners in business, lived together in the same house, and owned all of their property as partners and tenants in common; that the plaintiff lived in this house, with the exception of a few months, until the death of John H. Powell in September, 1937; that said Powell promised her again and again that he would provide for her to have a competency after his death to compensate her for her work and services, and would leave her in his will a sufficient sum to amply repay her for such work and services; that she,

however, felt that her compensation was so uncertain and his promises so indefinite that it would be wiser for her to get some other position where she could earn a livelihood; that accordingly, in August, 1927, she went to Augusta where she obtained a job which paid enough to support her and to save something out of her wages; that on December 12, 1927, she came back on a visit to the Powells and to her parents, and on that occasion John H. Powell promised her that if she would come back to his home and stay there, performing such duties and doing such work as she had previously done, until his death, he would give her in his will one fourth of whatever his estate was at the time of his death; that plaintiff agreed to his proposition and relying implicitly upon said promise and agreement did re-enter his home and remained there until his death, performing all of her duties and services under the contract; that John H. Powell married about nine months before his death, but continued to live in the house with his brother and his brother's wife, and that plaintiff continued to live there and to perform all of her duties under the contract, which included nursing said Powell during his last illness; that subsequently to his marriage he again promised her that he would make a will and leave her one fourth of his estate, but that he died without making a will, and that such omission was a breach of the contract; that the value of said Powell's estate at the time of his death was $60,000, and that she was entitled to recover one fourth thereof, to wit, the sum of $15,000, besides interest thereon at 7 per cent. from the date of his death.

The petition was demurred to, generally and specially. The plaintiff's suit was based solely upon an alleged definite and specific verbal contract with said Powell, as set out in paragraphs 8 and 9 of the petition. In paragraphs 4 and 5 of the petition, no contract or definite agreement between Powell and the plaintiff is alleged, but merely a narration of facts showing her relations with the deceased, and what duties she had performed for him before the contract between them was entered into. The contract provided that the plaintiff should re-enter Powell's home and perform such duties as she had *previously* performed for him, and do such work as she had *previously* done for him. Paragraphs 4 and 5 of the petition were attacked by special demurrer which alleged that said paragraphs show "that the first contract, upon which her [plaintiff's]

cause of action is based, was made by her when she was only about fifteen years old, that it was a vague, indefinite, and uncertain, verbal or parol agreement, which was by her broken and rescinded, and does not show that it was ever revived in writing as required by law. Therefore, it is of no legal effect and no cause of action can be based upon it." As before stated, the petition clearly shows that the cause of action was based solely upon the alleged specific and definite contract, as set out in paragraphs 8 and 9, in which the deceased promised to leave her by will one fourth of his estate, provided she re-entered his home and continued until his death to perform for him the same services she had performed for him before the contract was made. It follows that the above-quoted special ground of the demurrer is without merit. The other grounds, general and special, of the demurrer are not argued or insisted upon in the brief of counsel for the plaintiff in error and, therefore are treated as abandoned.

■ ·Special ground 1 of the motion for new trial alleges that the verdict "is contrary to law and the charge of the court, first in that it allows interest by name, and separately, and interest may not be recovered as such in an action for breach of contract; and second, because the amount of interest allowed by the verdict, namely, $993.02, is too large, the interest from November 12, 1938, which is twelve months after the granting of the letters of administration, to wit, from November 12, 1938, to the date of the verdict, to wit, September 7, 1939, is only $860.42." In his order overruling the motion for new trial the judge made the following statement: "It is true that the court charged the jury that in the event they found for the plaintiff they could not find interest eo nomine. At the trial the court was going upon the impression in this part of the charge that the case was one for general damages as to breach of contract. However, since studying the record, the damages sought to be recovered are liquidated damages, and therefore the jury could find, if they found for the plaintiff at all, interest eo nomine." We agree with the judge that the damages sued for were liquidated damages, under Code, § 20-1402, and that the finding of interest, eo nomine, was not error. As to the amount of interest returned by the jury: The plaintiff in her petition sought to recover the principal sum of $15,000 besides interest at 7 per cent. from the 26th day of September, 1937 (the date of the death of John H. Powell). No

special demurrer, attacking her allegation that she was entitled to recover interest from the date of the death of John H. Powell, was filed. Moreover, "In all cases where an amount ascertained would be the damages at the time of the breach [of a contract], it may be increased by the addition of legal interest from that time until the recovery." Code, § 20-1408. In this case, the evidence shows that the breach of the contract occurred at the date of the death of John H. Powell, and that the damage for the breach was the value of one fourth of his estate at the time of his death, and the evidence authorized the jury's finding that said value was $15,000. It follows that the amount of the interest allowed by the jury was not too much; on the contrary, they could have allowed a larger amount.

Another ground of the motion for new trial alleged that the court erred in allowing George Powell to testify to the making of the contract between the plaintiff and his brother, John H. Powell. The defendant contended that George Powell was interested in the result of the suit, and, therefore, under Code, § 38-1603 (4), he was incompetent to testify in the case. We see no merit in the ground. Although the brothers were partners in business, owned all of their property in common, and lived together in the same house, and although the plaintiff's services were rendered to both brothers and their families, the undisputed evidence shows that the contract, which was breached, was *solely* between her and John H. Powell, and that her services to George Powell and his wife were given independently of her contract with John H. Powell. In our opinion, under all the facts of the case, it does not appear that George Powell was interested in the result of the case; and if, because of the incidental services rendered to him and his family by the plaintiff, there arose an implied contract on his part to compensate her for such services, his liability to her would continue to exist and would not be affected by the terms of the contract between her and his brother. Furthermore, the Code, § 38-1603, "should be strictly construed, and not extended." *Eley* v. *Reese,* 171 *Ga.* 212 (2 *a*) (155 S. E. 24) ; and where "the competency of a witness is dependent on the determination of questions of fact, the decision of the judge will not be disturbed if there is any evidence to authorize his finding." *Dorminy* v. *Russell,* 182 *Ga.* 635 (2) (186 S. E. 679).

The remaining special grounds of the motion for new trial (two of which are expressly abandoned in the brief of counsel for plaintiff

46

in error) are without substantial merit and show no cause for a reversal of the judgment. The verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*