### REGOPOULAS *v.* THE STATE.

1. Where several rulings are complained of in a bill of exceptions in a criminal case, this court can consider only such as were made within twenty days before the tendering of the bill of exceptions, unless there be exceptions pendente lite.
2. Every person charged with an offense against the laws of this State has a constitutional right to be furnished, on demand, with a list of the witnesses on whose testimony the charge against him was founded.    The fact that the list furnished in response to the demand of the accused was incorrect is not, however, good ground for a motion in arrest of judgment.    .

Argued April 21, — Decided April 24, 1902.

Indictment for misdemeanor.    Before Judge Barrow.    Chatham superior court.    February 7, 1902.

*G. T. & J. F. Cann*, for plaintiff in error.
*W. W. Osborne, solicitor-general*, contra.

SIMMONS, C. J.    An indictment for the offense of misdemeanor was found against one Regopoulas.    Prior to the trial his counsel made a written demand upon the solicitor-general for a copy of the indictment and a list of the witnesses sworn before the grand jury. In compliance with this demand he was furnished with a copy of the indictment and with the name of a certain witness.    When the case was called, the accused announced ready, the jury was impaneled, and the State introduced the witness whose name had been furnished the accused.    Upon the cross-examination it was ascertained that this witness had not appeared before the grand jury when the indictment was found.    The accused thereupon moved to rule out certain testimony, asked for the direction of a verdict of acquittal, and asked for a discharge.    All of these motions were refused by the trial judge.    Subsequently the accused, having been found guilty by the jury, moved for a new trial, and also moved in arrest of judgment.    Both these motions were overruled.

1. In the bill of exceptions no effort is made to assign error upon the overruling of the motion for a new trial, and that motion was expressly abandoned in the argument here. The bill of exceptions does seek to assign error upon the rulings made on the objections to evidence and refusing to direct a verdict of acquittal or to discharge the accused. These exceptions can not be considered, however; for there were no exceptions pendente lite, and the bill of exceptions was not tendered within twenty days from the date of the rulings complained of. Much more than twenty days elapsed between the time of the trial and the date on which the bill of exceptions was tendered, and we are therefore without jurisdiction to pass upon these rulings.

2. This leaves us to consider, as the sole question in the case, whether the judge erred in overruling the motion in arrest of judgment. This motion was based upon the ground that the accused had been deprived of his constitutional right to have furnished him, on demand, a list of the witnesses. From an affidavit of the solicitor-general it appeared that by mistake the accused had not been furnished with a list of the witnesses who had appeared before the grand jury, but with an incorrect list containing the name of a man who had not appeared before the grand jury. Had the solicitor refused entirely to comply with the demand of the accused, the latter by announcing ready and going to trial would have waived his rights in this matter. Inasmuch, however, as the accused was given what purported to be a list of the witnesses who appeared before the grand jury and had a right to rely upon the correctness of the list, and there being no law to require that the witnesses' names should be indorsed on the indictment, the accused's consenting to the trial of the case would probably not be a waiver. In our opinion, he could have moved for a mistrial of the case when he discovered that the list given him was incorrect. But the incorrectness of the list is no ground for a motion in arrest of judgment. Such a motion must be based on defects appearing in the record (Civil Code, §§ 5362 – 5364), and, even if the record of the case showed whether demand had been made for a list of witnesses, there is no way to determine from the record whether such demand was complied with, or whether the demand was subsequently waived, or whether the list, if one was given, was correct. The case of *Dean* v. *State*, 43 *Ga.* 218, relied upon by counsel for

the plaintiff in error, does not decide this question.   In that case a motion in arrest of judgment was made upon a ground similar to this, and the court held the motion insufficient, without considering or passing upon the question as to whether the motion, if sufficient, would have been a proper remedy.   Whatever may have been the rights of Regopoulas as to obtaining a correct list of the witnesses on whose testimony the charge against him was founded, we are clear that a motion in arrest of judgment was not the proper remedy and that it was properly overruled.   See State *v.* Axiom, 23 La. Ann. 621; State *v.* Clark, Ibid. 194; McCoy *v.* State, 46 Ark. 141.

*Judgment affirmed.   All the Justices concurring, except Lewis, J., absent.*