## 11238.  MOORE *v.* THE STATE.

1. Upon the hearing of the defendant's motion for a continuance because of the absence of a witness, he failed to state that he expected to be able to procure the testimony of the witness at the next term of the court. It was not error, therefore, to deny the motion. *Jones* v. *State*, 128 *Ga.* 23 (1) (57 S. E. 313). Moreover, it appeared from the counter-showing of the State, made upon the hearing of the motion for a new trial, that the testimony of the absent witness would not have materially benefited the defendant.

2. A ground of the motion for a new trial sets up that the allegation of the indictment, that the bank burglarized "was a corporation and was chartered under the laws of the State of Georgia," was not supported by proof. Under the ruling in *Crawford* v. *State*, 68 *Ga.* 822, the words quoted above were mere surplusage and did not have to be proved. See also *Mattox* v. *State*, 115 *Ga.* 212 (41 S. E. 709), where it is stated, in this connection: "It would seem, however, that if the name imported a corporation and raised a presumption, it would also raise such a presumption for purposes of evidence, and that it would be incumbent upon the accused to prove affirmatively that no such corporation existed." In the instant case there is no contention that any proof was submitted to show that the bank alleged to have been burglarized was not a corporation chartered under the laws of Georgia.

3. Under the counter-showing submitted by the State, there is no merit in the 5th special ground of the motion for a new trial, which complains of the refusal of the court to declare a mistrial, based upon the separation of the jury, during the trial, without the consent of counsel.

4. Complaint is made in one or more grounds of the motion for a new trial that a certain woman was allowed to testify against the defendant, over his objection that she was his wife. It does not clearly appear from the evidence submitted on this question that she was in fact the defendant's wife. The testimony was in conflict and did not demand a finding that she was his wife. It was not error, therefore, for the court to submit this issue to the jury, with appropriate instructions thereon, or subsequently to refuse to rule out the testimony

of the witness. See, in this connection, *Howie* v. *State,* 114 *Ga.* 22 (4) (39 S. E. 944); *Dowdy* v. *Watson,* 115 *Ga.* 42 (4); (41 S. E. 266); · *Carroll* v. *Barber,* 119 *Ga.* 856 (2) (47 S. E. 181).

5. The court did not err in failing to instruct the jury upon the law of larceny from the house.

6. No material error appears in any of the excerpts from the charge of the court, as complained of in various grounds of the motion for a new trial.

7. The defendant demanded that he be furnished with a list of the witnesses who had testified before the grand jury, and the solicitor-general inadvertently furnished him with a list that was incorrect, in that the name of one witness who had testified before the grand jury was not on it, and the incorrectness of the list was discovered during the trial and upon the cross-examination of the witness whose name was so omitted from the list. The defendant moved for a mistrial of the case upon the ground that he had been furnished with a list of the witnesses who had appeared before the grand jury. The court overruled the motion for a mistrial, but, upon the motion of the solicitor-general, ruled out all of the testimony of the witness and instructed the jury not to consider it in their deliberations. *Held*: The court did not err in overruling the motion for a mistrial.

8. Under all the particular facts of the case, no substantial merit appears in any of the remaining special grounds of the motion for a new trial.

9. The verdict was amply authorized by the evidence, and for no reason assigned did the court err in overruling the motion for a new trial.

DECIDED APRIL 15, 1920.

Indictment for burglary; from Franklin superior court — Judge W. L. Hodges. December 15, 1919.

Application for certiorari was denied by the Supreme Court.

*T. H. Fort, Herbert Clay,* for plaintiff in error.

*A. S. Skelton, solicitor-general, G. L. Goode, W. R. Little,* contra.

BROYLES, C. J. An elaboration of the 7th headnote is considered desirable. Upon the trial, while R. S. Lenhardt, a witness for the State whose name was not upon the list of witnesses furnished to the defendant as those who had appeared before the grand jury, and who had been introduced and examined in chief by the State, was being cross-examined by the defendant's counsel, the defendant learned for the first time that this witness had testified before the grand jury. Thereupon the defendant moved for a mistrial of the case, upon the ground that he had not been furnished with a list of the witnesses who had appeared before the grand jury, after having demanded such a list. The court refused to declare a mistrial, but ruled out all of the evidence of the witness and instructed the jury not to consider it.

Every person charged with an offense against the laws of this State shall be furnished, on demand, with a list of the witnesses upon whose testimony the indictment against him was found. Constitution of the State of Georgia, art. 1, sec. 1, par. 5; Civil Code (1910), § 6361, Penal Code, §§ 8 (2), 970. It is well settled that this provision is mandatory, and not merely directory. Where, however, an incorrect list is furnished inadvertently by the State, what is the proper remedy to be applied by the court (it being presumed in this case, since nothing appears to the contrary, that the omission of the name of the witness from the list furnished the defendant was through an inadvertence of the solicitor-general) ? A direct answer to this question does not appear to have been given by either the Supreme Court or this court. In *Fears* v. *State,* 125 *Ga.* 739 (3) (54 S. E. 667), it was held merely that "the failure to furnish the accused or his counsel with a copy of the indictment and list of witnesses, in the absence of a demand therefor, does not constitute a valid ground for setting aside the verdict of guilty. Penal Code [1895], § 945." It might be inferred from this ruling that where the list of witnesses is demanded, a refusal to furnish it would constitute a good ground for a new trial, but the court was not passing on that question, and did not indicate that this would be so if the solicitor-general had in good faith endeavored to comply with the demand by furnishing such a list, but through inadvertence had omitted to place thereon the name of one witness who had appeared before the grand jury. In *Inman* v. *State,* 72 *Ga.* 269, it was held that a witness whose name was not upon the list furnished to the defendant and who did not testify before the grand jury was not incompetent to testify on the trial. There is a clear inference from this decision that if the witness had testified before the grand jury he would have been incompetent to testify on the trial. In *Regopoulas* v. *State,* 116 *Ga.* 596 (42 S. E. 1014), it was held that the furnishing of an incorrect list of the witnesses who had testified before the grand jury, where the defendant had demanded the list, was not cause for setting aside the judgment. And in the same case, in 115 *Ga.* 232 (41 S. E. 619), it was held that it is not a good ground to arrest the judgment. It is true that in the opinion in 115 *Ga.* 233, Chief Justice Simmons said: "In our opinion, he [the defendant] could have moved for a mistrial of the case when he discovered that the list given him was incor-

rect." This statement, however, was purely obiter. As has been stated, neither the Supreme Court nor this court has ever passed directly on this question.

Many other States have substantially similar statutes in force, and in perhaps the majority of them the ruling has been made that where the provision of the statute requiring a list of witnesses to be served on the defendant is mandatory in its terms, a witness whose name is not on the list is incompetent to testify on the trial. 16 Corpus Juris, 800, and authorities cited in note 99. In some of the States, however, it is held that under such circumstances it is nevertheless within the discretion of the court to permit the witness to testify where his name was omitted from the list *inadvertently,* and where his testimony was not of such a character as to surprise the defendant. See, in this connection, 2 Jones & Addington Ill. Stat. Ann. pp. 2214, 2215; Lutzow *v.* People, 240 Ill. 612 (88 N. E. 1049) ; United States *v.* Neverson, 12 D. C. (1 Mackey) 152.

After diligent search, we have failed to find a single case in the books, and have been cited to none, where it has been held that the failure to give the defendant, under such circumstances, a correct list of the witnesses is cause for a mistrial of the case. In our judgment the court in the instant case applied the proper remedy when he excluded the testimony of the witness and instructed the jury not to consider it, and it was not error to overrule the defendant's motion for a mistrial.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

LUKE, J. I dissent as to the rulings stated in the 3d, 4th, and 7th headnotes.