14181.   PULLIAM *v*. THE STATE.

The instruction, given in connection with the rule requiring corroboration of testimony of accomplices, that if the jury should decide from all the testimony in the case that either of the witnesses for the State was not an accomplice, they would be "authorized to convict [the defendant] upon the testimony of such witness or witnesses, without any corroboration," was inapt, but, on consideration of the entire charge of the court, is not subject to the exception that it was an expression of opinion that the testimony of the witness or witnesses referred to was sufficient to convict the defendant, or was true.
The evidence authorized the verdict.

DECIDED APRIL 11, 1923.

Indictment for felony; from Franklin superior court — Judge W. L. Hodges. November 22, 1922.

*W. R. Little,* for plaintiff in error.

*A. S. Skelton, solicitor-general,* contra.

BLOODWORTH, J.   Plaintiff in error was convicted of stealing baled cotton, and upon the overruling of his motion for a new trial he excepted.   The only special ground of the motion for a new trial is that the following charge of the court was error, because it was an expression of opinion by the court  that the testimony of the witness or witnesses referred to was sufficient to convict the defendant, and that it was true: "If you decide from all the testimony in the case that either of the witnesses for the State is not an accomplice,— that is, participated in the crime with the intention of committing the crime with Keifer Pulliam, provided you believe Keifer Pulliam committed the crime,— then you would be authorized to convict Keifer Pulliam upon the testimony of such witness or witnesses, without any corroboration, as stated, if you believe that the witness or witnesses that testified to the commission of the crime was not an accomplice."   While the expression "you would be authorized to convict Keifer Pulliam upon the testimony of such witness, or witnesses, without any corroboration," is rather inapt in this portion of the charge, we cannot say that it is an expression from the court that this testimony would be sufficient.   In the first place, the jury did have authority to convict upon the testimony of these witnesses or either of them; and in the second place, the charge must be considered as a whole, and when so considered it is full and fair as to the consideration to be given by the jury to the testimony of these witnesses.   In the same connection with that part of the charge complained of the judge charged the jury that in the event they decided that these witnesses were not accomplices, they " would be authorized to convict the defendant Pulliam on their testimony, *if you think their testimony justified it,* without any corroboration whatever."   Further than this, the judge charged fully and correctly on the rules pertaining to conviction beyond a reasonable doubt, and as to the weight which could be given to the defendant's statement.   Under the entire charge the jury undoubtedly understood that they would not be "authorized to convict" on the testimony of such witnesses without regard to its credibility

and sufficiency under all the rules of law applicable to the trial of such cases. See *Hoxie* v. *State,* 114 *Ga.* 19 (4), 22 (4) (39 S. E. 944).

There is also no merit in the general grounds of the motion for a new trial. Two witnesses introduced by the State made out a complete case of guilt against the defendant. These witnesses may or may not have been accomplices, as shown by the evidence, but the trial judge left this question of fact to be determined by the jury with proper instructions in regard thereto. See, in this connection, *Moore* v. *State,* 25 *Ga. App.* 251 (5) (102 S. E. 916), and cases cited. The trial judge charged the jury fully that if they believed that either or both of the witnesses who testified against the defendant were accomplices, " it would be necessary for such witness' or witnesses' testimony to be corroborated by proof of some independent fact or circumstance which would tend to show the guilt of the defendant," and that corroboration by proof of the corpus delicti, if it had " no more tendency to fix guilt upon the accused than upon any other person," would not be sufficient for this purpose, and that " facts which merely cast on the defendant a grave suspicion of guilt are not sufficient."

The question of fact as to whether or not some of the State's witnesses were accomplices having been submitted to the jury, and they, in the light of this and other testimony, and under proper instructions from the court, having determined that the accused was guilty as charged, and no reversible error of law appearing, the judgment overruling the motion for a new trial is

*Affirmed. Broyles, C. J., and Luke, J., concur.*