## 28729. JOHNSON v. THE STATE.

UNDERCOFLER, Justice.

Rufus James Johnson and Ronald Griggs were indicted for the murder of Harry Toney. They were found guilty by the jury and sentenced to life imprisonment. *Held:*

1. The verdict of guilty was amply supported by the evidence.

2. The appellant contends that the court erred in admitting an Omega .22 caliber pistol and bullets into evidence since it was not shown to be connected with him and served only to inflame and prejudice the jury.

The record shows that the pistol was found beneath the co-defendant's chair when he was arrested on the night of the homicide; that it was loaded with .22 caliber long bullets with "clipped noses"; that this same kind of bullet killed the victim; the co-defendant testified that it looked like the gun the appellant used to kill the victim.

Under the rulings of this court in *Lively v. State,* 178 Ga. 693, 695 (173 SE 836); *Katzensky v. State,* 228 Ga. 6 (3) (183 SE2d 749) and *Evans v. State,* 228 Ga. 867 (4) (188 SE2d 861), the identification of the pistol was sufficient to authorize the jury to decide whether or not it was the identical weapon used in the homicide.

There is no merit in this contention.

3. The appellant contends that the trial court erred in admitting evidence over his objection that the victim was almost blind and could not hear very well because this testimony was admitted solely to arouse and inflame the prejudice of the jury.

The witness who gave this testimony testified that she had been in the victim's home on many occasions, was familiar with some of his possessions; was present at his home on the day he was killed and saw his television set and radio there; and saw the appellant and his co-defendant leaving the victim's home carrying the television set and radio.

This evidence was admissible to show that the witness was well acquainted with the victim and could identify the stolen possessions. "A relevant and material fact is not subject to an objection that it would inflame the minds of the jurors." *Bryan v. State,* 206 Ga. 73, 75 (55 SE2d 574).

4. The appellant contends that the trial court erred in admitting testimony of crimes not charged against him, the fact that he did not own a car, and the fact that he did not have employment.

The record shows that certain witnesses testified that the appellant and the co-defendant were drinking and smoking marijuana on the day of the homicide, that he did not own a car and that he did not have employment. The appellant also testified that on that Sunday morning, he and the co-defendant went to several "liquor houses" where they illegally purchased and drank liquor; that although he carried the victim's television set and radio from the house, his co-defendant actually hit the victim on the head with a bottle and shot him; that they tried to sell the television set and radio to a lady and when they could not, they put the television set in a garbage container and that he did not know what

happened to the radio.

The admission of this evidence was admissible to show the physical condition of the appellant on the day of the crime and to show motive.

5. The appellant contends that the trial court erred in overruling his request that Mary Elizabeth Gordon be declared not compellable to testify as a witness against him because she was his common law wife and that her testimony was inadmissible. The state insisted that she was not the wife of the appellant. The court, in order to determine whether she was a compellable witness, heard evidence on the question of whether she was the wife of the appellant.

After a hearing on the question the court ruled that she was not married to the appellant and that she was compellable to testify against him.

The competency of a witness is decided by the court. Code § 38-1601. Where competency of a witness depends on a question of fact, the decision by the trial judge will not be disturbed by this court if there is any evidence to support his finding. *Carroll v. Barber,* 119 Ga. 856 (2) (47 SE 181). The evidence supports the ruling by the court that the witness was not the common law wife of the appellant and was competent and compellable to testify. Code § 38-1604 (as amended by Ga. L. 1957, p. 53).

The evidence given by the witness was admissible.

There is no merit in these contentions of the appellant.

6. The appellant contends that the judge erred in failing to clearly charge the jury that under the law and the evidence in this case the co-defendant could have been convicted without necessarily convicting the appellant and that a conviction of said co-defendant did not demand the appellant's guilt.

We have carefully reviewed the charge of the trial judge and find that these contentions of the appellant are without merit. The trial judge repeatedly charged the jury that they should make a separate finding as to each defendant and concluded his charge by stating: "Of course, there are two defendants on trial in this case and if you should find one of the defendants is guilty as charged and the other is not guilty, then you would enter

your verdict naming the one you found guilty as charged and then a second verdict finding the other defendant, if that were your finding, and name him not guilty."

*Judgment affirmed. All the Justices concur.*

Submitted March 18, 1974 — Decided April 4, 1974.

*W. J. Stanley,* for appellant.

*Lewis R. Slaton, District Attorney, Thomas W. Hayes, Raoul Lerow, Morris H. Rosenberg, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., John B. Ballard, Jr., Assistant Attorneys General,* for appellee.