## 32391. OVERCASH v. THE STATE.

UNDERCOFLER, Presiding Justice.

James Edward Overcash was convicted of the armed robbery of Jay's Jewelry Store in Lavonia, Georgia. The evidence was sufficient to show that he planned the crime along with two co-defendants, Hughes and Worley, who actually carried out the scheme. We affirm.

1. Overcash's first enumeration of error raises the question whether the trial court erred in refusing to grant a mistrial when the state, while cross examining the defendant at trial, asked him: "And they told you that they wanted to talk to you and you told them, 'Well, I ain't got nothin' to say to my lawyer here.' " Overcash claims this question was an attempt to impeach him by mention of his silence when he was arrested in violation of his Fifth Amendment rights.

In Doyle v. Ohio, 426 U. S. 610 (96 SC 2240) (1976), the United States Supreme Court held that a defendant's post-Miranda silence could not constitutionally be used for impeachment. The court also made clear in a footnote that a defendant's post-Miranda silence may be used to impeach the defendant's testimony about his behavior following arrest, where he claims he made a statement when arrested. Doyle v. Ohio, supra, n. 11.

At Overcash's trial, he claimed from the stand that he had made no statements to the police. Two detectives, however, had already testified to Overcash's incriminating statements at that time. We think this conduct falls more nearly into the exception noted above than into the Doyle rule and thus did not violate Overcash's constitutional right to remain silent. Overcash put into issue whether or not he in fact was silent at his arrest and the state was authorized to cross examine him on that point. "We recognize of course that unless prosecutors are allowed wide leeway in the scope of impeachment cross examination, some defendants would

be able to frustrate the truth-seeking function of a trial by presenting tailored defenses insulated from effective challenge." Doyle v. Ohio, supra, p. 617, n. 7. The state was not attempting to infer his guilt from silence as prohibited in Doyle, but was trying merely to impeach his testimony that he had been silent when arrested.

Furthermore, we see no harm where the attempt at impeachment merely repeated the defendant's statement at trial and in fact was consistent with his claim that he had made no statements to the police when he had been arrested. Enumeration of error one, thus has no merit.

2. In his second enumeration of error, Overcash objects to the overruling of his motion to suppress a blank check signed by co-defendant Worley. Overcash consistently claimed that he did not know Worley. The state introduced the check with Worley's signature on it, found in the room where Overcash was arrested, to rebut that assertion. Several witnesses, all testifying that they had seen Worley and Overcash together at various times were also presented by the state. For example, one witness, Mardell Johnson, Overcash's alleged common law wife, testified that she and Overcash had gone to Worley's house where they had visited and had coffee with Worley and his wife, and that she had seen him several times with Overcash. The error, if any, was harmless.

3. The third enumeration of error presents the question whether the trial court erred in ruling that Mardell Johnson, who was called by the state, was not the common law wife of Overcash and thus not entitled to claim the husband-wife privilege. Code Ann. § 38-1604. This was a fact question to be determined by the court. In the face of conflicting evidence, the trial court was authorized to find that no common law marriage existed. *Johnson v. State*, 232 Ga. 61 (205 SE2d 190) (1974).

4. Overcash claims in Enumeration four that the trial court erred in overruling his motion for directed verdict because the state failed to identify the defendant present as the same James Edward Overcash who was indicted for the armed robbery and against whom the state's evidence was presented. There is no merit to this contention. Similarly, we find no reversible error where the state was permitted to explain the absence of a

potential witness whose name appeared on the indictment.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 14, 1977 — DECIDED SEPTEMBER 7, 1977.

*Worozbyt & Nodvin, Theodore S. Worozbyt,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.