## 54998. WHITEHEAD v. THE STATE.

SMITH, Judge.

Whitehead was convicted of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. The enumerations of error are addressed to (1) whether Whitehead's alleged common law wife could be compelled to testify; (2) whether the evidence authorized the conviction; (3) whether the three counts merged into one crime; and (4) whether the sentence was proper. We find that the possession of a firearm count merged into the offense of armed robbery, and the conviction on that count is reversed; otherwise, we find no error and affirm.

1. The trial court compelled Bessie Mae Cobb to testify against Whitehead, despite Whitehead's objection on the ground that she was his common law wife. The state contended they were not husband and wife; the trial court held a hearing on the question and concluded that there was no marriage relationship between the two. "The competency of a witness is decided by the court. Code § 38-1601. Where competency of a witness depends on a question of fact, the decision by the trial judge will not be disturbed by this court if there is any evidence to support his finding. *Carroll v. Barber,* 119 Ga. 856 (2) (47 SE 181) [1904]. The evidence supports the ruling by the court that the witness was not the common law wife of the appellant and was competent and compellable to testify. Code § 38-1604." *Johnson v. State,* 232 Ga. 61, 63 (205 SE2d 190) (1974).

2. The evidence authorized the verdict.

3. The evidence in this case showed that a pistol was used, not only to accomplish the armed robbery, but also to shoot and beat the victim. Under these facts, it is clear that the offenses of armed robbery and aggravated assault do not merge, either in fact or in law. *Harvey v. State,* 233 Ga. 41, 43 (209 SE2d 587) (1974). However, since the pistol used to commit aggravated assault was the firearm used in this criminal incident, the separate count of possessing a firearm during the commission of a crime merges with the armed robbery count so that conviction for this lesser included offense was not authorized. *Jackson v. State,* 143

Ga. App. 406 (2) (238 SE2d 752) (1977). The judgment is reversed as to the possession count.

4. There is no merit in the contention that the trial court, having imposed a life sentence for armed robbery, was not authorized to impose, as to the other counts, additional sentences consecutive to the life sentence. However, the sentence imposed for possession of a firearm must be vacated.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Banke, J., concur.*

SUBMITTED JANUARY 3, 1978 — DECIDED FEBRUARY 16, 1978.

*Edwards, Edwards & Edwards, H. B. Edwards, III,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.