## 33396. SHEFFIELD v. THE STATE.

JORDAN, Justice.

Appellant appeals his conviction of murder and sentence of life imprisonment.

1. Appellant's first enumeration of error contends that the trial court erred by compelling Bessie Allen to testify after she had claimed a marital privilege and refused to testify against the appellant.

Allen was called as a witness for the state. After testifying that she had lived with the appellant for approximately ten years, appellant's attorney made a motion requesting that the trial judge inform Allen that under Code Ann. § 38-1604 she could invoke the marital privilege and choose not to testify. Outside the presence of the jury, Allen testified that she had lived with the appellant constantly for ten years, that she had used the appellant's name and that she and the appellant had held themselves out to their friends and acquaintances as husband and wife. After a review of this evidence, the trial judge ruled that the appellant and Allen occupied the positions of common law husband and wife and advised Allen that she could choose not to testify. Allen invoked the privilege and was allowed to leave the witness stand.

The appellant chose to testify in his defense and on cross examination testified that he was not married to Allen and had discussed marriage with his alleged victim. Contending that this subsequent testimony created an issue of fact as to whether Allen was the appellant's common law wife, the state recalled Allen on rebuttal and requested that the trial court compel her testimony.

Before compelling Allen to testify, the trial court charged the jury that it was to determine the marital status of Allen and the appellant. He further instructed the jury that if they determined that there was a common law marriage between the parties they should disregard the testimony of Allen, however, if they determined that there was no marriage between the parties then they should consider Allen's testimony as they would any other testimony. The trial judge repeated these instructions in his final charge to the jury where he also charged the law

necessary for a jury determination of whether a common law marriage existed between these parties. Appellant objected to any evidence not related to the existence of the marriage and requested that the jury make an initial determination on whether the marriage existed before hearing any other evidence from Allen. The trial judge overruled these objections.

Appellant alleges that the trial court erred by submitting the issue of the existence of a common law marriage between Allen and the appellant to the jury. If this procedure was not erroneous, appellant argues that the jury should have been required to make a finding that a marriage existed before hearing any evidence from Allen unrelated to the existence of the marriage.

If the evidence is in conflict as to the existence of a marriage, two procedures have been used to determine whether a marriage exists. The trial judge may hear evidence to determine whether a marriage exists, and his decision will not be disturbed on appeal if there is any evidence to support his finding. *Johnson v. State,* 232 Ga. 61 (5) (205 SE2d 190) (1970).

The second procedure is for the trial court to submit to the jury with appropriate instructions the question of whether or not a marriage exists. *Moore v. State,* 25 Ga. App. 251 (4) (102 SE 916) (1920). When conflicting evidence was introduced, the trial judge did not err in allowing the jury to make the factual determination as to whether a marriage existed between the appellant and Allen. Nor was it error for the trial judge not to require the jury to make an initial determination as to the existence of the marriage before hearing further evidence from Allen.

It is our opinion, however, that the far better procedure is that described above following *Johnson v. State,* supra.

Additionally, we note that Allen's testimony was consistent with appellant's testimony and in no manner conflicted with his theory of self-defense.

2. Appellant also argues that the trial court erred in denying his motion for a directed verdict made at the conclusion of the state's evidence on the ground that the state had failed to prove malice. "Malice is a matter of

intent, and the intent of a criminal accused is a matter peculiarly within his own knowledge. . . . There is no way to prove it except by inferences from established facts." *Patterson v. State,* 239 Ga. 409, 418 (238 SE2d 2) (1977). Intent is a question to be answered by the trior of fact. Code Ann. § 26-605; *James v. State,* 232 Ga. 834 (209 SE2d 176) (1974). This was an issue which required resolution by the jury, and the trial court did not err in denying appellant's motion for a directed verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 17, 1978 — DECIDED APRIL 19, 1978.

*Hester & Hester, Frank B. Hester,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.