## 42664. LINGERFELT v. THE STATE.
### (336 SE2d 250)

WELTNER, Justice.

Lingerfelt was convicted by a jury of shooting and killing Daniel Terrell with a sawed-off shotgun. He was sentenced to life imprisonment.[1]

Lingerfelt's appeal from his conviction consists of eight enumerations of error.

1. Lingerfelt alleges that the admission of two photographs into evidence was error. One photograph depicts the victim as found at the

---

[1] The crime was committed on November 15, 1983. Lingerfelt was convicted on May 4, 1984. He filed a motion for a new trial on May 30, 1984. The motion was denied on November 27, 1984. The final order was filed on November 28, 1984. He filed a notice of appeal on December 28, 1984. The transcript was certified on July 11, 1985. The case was docketed in this court on September 3, 1985, and was submitted on October 18, 1985.

death scene. The other demonstrates the location of the victim's wound. Both photographs are relevant and material and do not violate the rule in *Brown v. State*, 250 Ga. 862, 866 (302 SE2d 347) (1983). See *Moses v. State*, 245 Ga. 180, 187 (263 SE2d 916) (1980); *Mooney v. State*, 243 Ga. 373, 395 (254 SE2d 337) (1979). We find no error.

2. Lingerfelt alleges that the trial court's refusal to give the defense a copy of a witness' pre-trial statement upon request was error. The defense requested the statement in order to impeach the testimony of a detective. The record shows that the defense was supplied a copy of this statement later in the trial, and questioned the witness about the statement. Any error in the court's initial refusal was cured. *Moore v. State*, 251 Ga. 499, 502 (307 SE2d 476) (1983).

3. Lingerfelt alleges that the trial court erred in instructing the jury on admissions *in judicio*. The court charged: "[A] Defendant's admission in open court is an admission in judicio, and the fact therein stated may be taken as true without further proof. Such judicial admission is conclusive." He alleges that the charge was inapplicable and confusing.

This charge was appropriate because at trial Lingerfelt admitted that he owned a sawed-off shotgun, knowing it to be illegal. *Hargroves v. State*, 179 Ga. 722, 725 (177 SE 561) (1934). Further, Lingerfelt agreed that the charge was a correct statement of the law at the charge conference. He cannot now complain. *Edwards v. State*, 235 Ga. 603, 604 (221 SE2d 28) (1975).

4. Lingerfelt alleges that the trial court erred in instructing the jury concerning intent. The court charged: "[Y]ou may infer, if you wish to do so, one, that the acts of a person of sound mind and discretion are the product of his will; and two, that a person of sound mind and discretion intends the natural and probable consequences of his act. Now, whether or not you make any such inference or inferences is a matter solely within the discretion of you members of the jury. I charge you that a presumption and an inference are not the same thing. . . . A presumption is mandatory, an inference permissible."

This charge differs from that held unconstitutional in *Francis v. Franklin*, 471 U. S. __ (105 SC 1965, 85 LE2d 344, 350) (1985): "The acts of a person of sound mind and discretion are presumed to be the product of a person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted."

The charge here does not shift the burden of proof. It is substantially similar to the pattern jury charge on intent. Suggested Pattern Jury Instructions, Vol. II, p. 13, 1984. See also *Godfrey v. Francis*, 251 Ga. 652, 655 (308 SE2d 806) (1983). There was no error.

5. Lingerfelt alleges that the trial court erred in instructing the jury concerning flight. The court charged: "[Y]ou may consider whether or not you will draw an inference of guilt from flight or similar acts, if proven. Flight, or similar acts, if any, is subject to explanation. You decide the weight to be given to it or whether to draw an inference of a consciousness of guilt or not. You decide if there was flight, or similar acts, whether it was due to a sense of guilt or for other reasons, and if for other reasons, no inference hurtful to the Defendant should be drawn," and did not shift the burden of proof. We find no error. See *Leverett v. State*, 254 Ga. 691 (333 SE2d 609) (1985).

6. Lingerfelt alleges that the trial court erred in instructing the jury concerning voluntary intoxication. The court charged: "[V]oluntary intoxication by use of alcohol, drugs or narcotics, is no excuse for crime. The fact that one accused of a crime was under the influence of alcohol, drugs or narcotics at the time of the alleged crime may be shown as illustrative of his motive in the transaction, but if one is voluntarily under the influence of alcohol, drugs or narcotics, you may infer that he intended the legitimate consequences of his act, and the question is whether he intended to do the act, or whether he intended the consequences of the act." We find no error. See *Blankenship v. State*, 247 Ga. 590, 592 (277 SE2d 505) (1981).

7. Lingerfelt alleges error in the prosecutor's remarks in his closing statement, particularly this remark: "I never heard anybody else come in here and say that the victim had intimidated them or any evidence to it." At trial, the defense objected to these remarks on the ground that "[i]n arguing this particular premise the Court has allowed the jury to have the impression that the defense has the right to bring in specific acts of bad character before them." The defense requested curative instructions, and the trial court then advised the jury: "As a general rule the character of a murder victim is irrelevant and inadmissible as evidence in the course of a trial." The defense made no further objection following this instruction. Any error was cured.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 20, 1985.

*Jimmy D. Berry*, for appellant.

*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Donald T. Phillips*, Assistant District Attorneys, *Michael J. Bowers*, Attor-

ney General, J. Michael Davis, Staff Assistant Attorney General, for appellee.