## 71132. LARMON v. THE STATE.
(341 SE2d 237)

CARLEY, Judge.

Appellant was indicted for murder. He was tried before a jury and found guilty of voluntary manslaughter. Appellant's motion for new trial was denied and he appeals.

1. Relying upon *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), appellant contends that certain portions of the trial court's jury instructions were unconstitutionally burden-shifting. Considering the language of the contested instructions, there was no error. See *Lingerfelt v. State*, 255 Ga. 180, 181 (4) (336 SE2d 250) (1985).

2. Appellant filed a challenge to the array of the traverse jury, which had been computer-selected from a master list comprised primarily of the registered voters in the county. See OCGA § 15-12-40 (b). The trial court conducted a hearing on appellant's challenge and denied it. This ruling is enumerated as error. According to the enumeration, "the trial court erred in refusing to grant appellant's challenge to the array of the traverse jury, as the computer selection process then in use in the Superior Court of Whitfield County failed to randomly select the jury panels as required by law, and thus denied appellant his Sixth Amendment right to a trial by an impartial jury."

"A defendant is entitled to an array of properly drawn, impartial jurors to which he may direct his peremptory challenges. A party is entitled to this as a matter of right; but, conversely, he is entitled to no more. [Cit.]" *Dampier v. State*, 245 Ga. 427, 433 (265 SE2d 565) (1980). "There is no constitutional guarantee that the grand or petit juries, impanelled in a particular case will constitute a representative cross-section of the entire community. 'A defendant is not constitutionally entitled to a venire or jury roll of any particular composition . . . [Cit.]' [Cit.] What the Constitution does require is 'that the state not deliberately and systematically exclude identifiable and distinct groups from their jury lists.' [Cit.]" *Campbell v. State*, 240 Ga. 352, 356 (240 SE2d 828) (1977).

Appellant apparently makes no contention that the initial elements and stages of the jury selection process were not randomly neutral. His sole contention appears to be that the *ultimate* arrangement of the names of the selected jurors on the final computer printout was not randomly neutral. At the hearing on appellant's challenge, it was shown that the jurors selected were listed on the final printout according to their corresponding voter registration number, with the individual who had been assigned the lowest voter registration number being first on the computer printout and the one with the highest number being last. It further appeared that the computer was not specifically programmed to *rearrange* the randomly selected jurors in

this order. Rather, the master list from which the selections were made was itself arranged in sequential order of voter registration number. The computer was merely programmed to initiate its selection process from a randomly selected position in the master list and then to scan the entire length thereof, selecting jurors at regular intervals so as to insure that individuals from all segments of the master list would be chosen. The arrangement of the names on the final printout was purely the consequence of the fact that the computer was also programmed to list the jurors in order of their random selection from the master list.

" 'Criminal defendants in state courts may challenge discriminatory selections of grand and petit juries through the equal protection clause of the Fourteenth Amendment. [Cits.]' [Cit.] Moreover, criminal defendants in state courts have the right to challenge, under the Sixth Amendment, petit juries not selected from a fair cross selection of the community. [Cit.] The two challenges are not entirely analogous. [Cits.] However, common to each is the requirement that the defendant must establish prima facie that a distinct and identifiable group in the community is substantially underrepresented on the jury venire being challenged." *Wilson v. State*, 250 Ga. 630, 635 (3a) (300 SE2d 640) (1983). Our review of the transcript of the hearing on appellant's challenge shows that there was a total failure on his part to establish prima facie that those who were more recently registered voters and those who had been registered for a longer period were "distinct and identifiable" groups in the community. See generally *Berryhill v. State*, 249 Ga. 442, 445 (3) (291 SE2d 685) (1982). Compare *Parks v. State*, 254 Ga. 403, 409 (6b) (330 SE2d 686) (1985).

Thus, the record shows no viable constitutional challenge to the randomness seemingly inherent in the initial master listing of all individuals eligible for jury service by the order in which they happen to have registered to vote. Likewise, there was no challenge to the initial programmed randomness of selecting jurors from a scan of the entire list of registered voters. Under these circumstances, the sole thrust of appellant's argument becomes merely that the Constitution entitles him to an *additional* final computer printout comprised of another entirely random arrangement of the previously randomly selected individuals. "While an additional random selection might be better in terms of fairness to counsel trying a number of cases in a short period of time, by decreasing the chance that a given panel of jurors would remain as a group and meet the same attorney again, the lack of such an additional selection is not a deficiency in terms of . . . the Constitution." *United States v. Haley*, 521 FSupp. 290, 294 (N.D. Ga. 1981). Since appellant failed to establish a timely prima facie case of unconstitutional jury discrimination, the trial court did not err in denying appellant's challenge to the array of the traverse jury. See generally

*Wilson v. State*, supra.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 23, 1986 —
REHEARING DENIED FEBRUARY 11, 1986 — ▮▮▮▮▮▮▮

*E. Neil Wester III*, for appellant.

*Jacques O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee