A95A2518. FRAZIER v. THE STATE.
(467 SE2d 338)

BIRDSONG, Presiding Judge.

Willie Frazier appeals his conviction of burglary; he enumerates three errors. *Held*:

1. Appellant asserts that as Ms. Davis is his common law wife, the trial court erred in allowing her to testify in violation of OCGA § 24-9-23. We disagree.

Ms. Davis was indicted as a co-defendant with appellant. In anticipation that she would invoke her privilege against self-incrimination, the State granted her use and derivative use immunity with regard to any testimony or evidence she may give at appellant's trial, and petitioned for an order from the trial court compelling her to testify. The trial court granted the State's petition and issued the order. However, when Ms. Davis was called as a State's witness, appellant's counsel stated in his place that he anticipated the witness would invoke the marital privilege as she had been living with appellant for more than two years, had requested visiting privileges with appellant which was granted after she and appellant executed an affidavit of common law marriage, and had a gas bill which listed her name as "Tonya Frazier." At trial, both the affidavit and the gas bill were introduced in evidence; the gas bill is dated approximately three months after the burglary. Ms. Davis subsequently testified that her name was "Tonya Joan Davis"; she had resided on Gordon Street with appellant for three months prior to her arrest; prior to moving to Gordon Street she had lived with her mother on Palamore Drive; she "now" has been living longer than three months with appellant, at her mother's house and elsewhere; at the time of her arrest, she gave police the Palamore Drive address, because she did not have a phone at appellant's address; just after her arrest she gave a statement to a

police detective in which she stated that appellant was her boyfriend; upon being processed in the Glynn County Detention Center she gave her marital status as "single" but she has used the last name of "Frazier"; she does not remember signing any form of affidavit; in September she and appellant signed an affidavit to get visitation rights; she was 22 years old when she moved in with appellant; she has never been married before and has not lived with anyone else; she used the name "Frazier" in front of a lot of people and on her bills; one of her bills, she believes it was the gas bill, was listed in the name "Tonya Frazier"; she is the common law wife of appellant and has been so since 1993; she had sexual relations with appellant during the time she claimed to be his wife; in 1993, Ms. Davis had a miscarriage and lost a child by appellant; her mother considered her as married to appellant as did her friends; she had intended to be appellant's wife and they subsequently had taken "the blood test and everything"; a ceremonial marriage was not performed, however, as Ms. Davis was incarcerated on a probation violation the day before the wedding was scheduled; although the ceremony was scheduled to be held after the date when both she and appellant were arrested, it was not being done for the purposes of claiming a marital privilege; and, it was appellant who told her she could claim a marital privilege but did not ask her to do so. Ms. Davis' mother testified and corroborated inter alia that portion of her daughter's testimony pertaining to appellant's residing with Ms. Davis in the mother's house and sleeping with Ms. Davis. She considered her daughter and appellant as being married; appellant and Ms. Davis told her they were married. The mother's alleged common law husband testified that he too considered appellant and Ms. Davis as being married to each other. Tonya cooked for appellant and they went shopping together; however, during the year and a half that he lived with Ms. Davis' mother, he had never heard Ms. Davis refer to herself as "Tonya Frazier." But Ms. Davis may have done so and his attention may have been elsewhere at the time. At a family reunion appellant and Ms. Davis attended, he never heard them say they were man and wife. A holding cell mate of Tonya and longtime friend of the family testified that she believed appellant and Ms. Davis married as they were living together and Tonya always called appellant her husband.

The trial court found that neither appellant nor Ms. Davis had carried the burden of proving a common law marriage by the preponderance of the evidence; and, on the contrary, that the State has proven, based on admissions and statements of Ms. Davis herself, by a preponderance of the evidence and to the trial court "as a matter of fact, proof beyond a reasonable doubt, that there was not a common law marriage existing and existing now." Accordingly, the trial court denied the witness' assertion of the marital privilege and ordered her

to testify under the grant of immunity given by the State.

As a "grant of immunity does not operate to compel one spouse to testify against another" (*Stanley v. State*, 240 Ga. 341, 348 (6) (241 SE2d 173)) and as a marital privilege extends to common law as well as to ceremonial marriages (see *Overcash v. State*, 239 Ga. 499, 500 (3) (238 SE2d 50)), we must determine whether the trial court erred in concluding that Tonya Davis was not the common law spouse of appellant. At trial, "[t]he party asserting a common law marriage must prove its existence to a preponderance of the evidence." *Dixon v. State*, 217 Ga. App. 267, 268 (1) (456 SE2d 758); cf. *Brantley v. State*, 262 Ga. 786, 792 (7) (d) (427 SE2d 758) (not unconstitutional to place burden of proving insanity or mental illness on defendant); *Johnson v. State*, 209 Ga. App. 514, 516 (2) (433 SE2d 717) (burden upon defendant to show incompetency by a preponderance of the evidence). "If the evidence is in conflict as to the existence of a marriage, two procedures have been used to determine whether a marriage exists. The trial judge may hear evidence to determine whether a marriage exists, and his decision will not be disturbed on appeal if there is any evidence to support his finding. [Cit.] The second procedure is for the trial court to submit to the jury with appropriate instructions the question of whether or not a marriage exists. [Cit.]" *Sheffield v. State*, 241 Ga. 245, 246 (1) (244 SE2d 869). "The decision of the trial court as to the fact question of the existence vel non of a common-law marriage, should not be disturbed on appeal if there is any evidence to support its finding." *Conyers v. State*, 249 Ga. 438, 441 (3) (291 SE2d 709); see, e.g., *Schirato v. State*, 260 Ga. 170, 171 (2) (391 SE2d 116) where there was not only some but substantial evidence to support the trial court's finding. Although the evidence is in conflict, there exists some evidence to support the trial court's finding of the nonexistence of a common law marriage, and we will not disturb that finding on appeal. *Conyers*, supra; *Sheffield*, supra. Additionally, the record reveals that during her testimony before the jury, Ms. Davis made an admission in judicio (see generally *Lingerfelt v. State*, 255 Ga. 180, 181 (3) (336 SE2d 250)) of the fact that appellant "still is" her boyfriend; and, during his testimony in open court, appellant also made an admission in judicio (*Lingerfelt*, supra) that, when the detective visited him after the burglary, at that time he was Ms. Davis' boyfriend and she was his girl friend. Appellant's first enumeration is without merit.

2. Appellant also enumerates that the trial court erred in allowing the introduction and publication to the jury of the tape-recorded statement of Ms. Davis' interrogation by a police detective, as she is the common law wife of appellant and, as such, should not have been compelled to testify against her spouse or to produce other evidence in violation of OCGA § 24-9-23. In view of the limited scope of the

enumeration, no other issue regarding the admission of the tape has been preserved for appellate review. See, e.g., *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649). This enumeration, which alleges as the sole ground for statement inadmissibility a claim of spousal immunity, is without merit for the reasons discussed in Division 1 above.

3. We find no error of law as enumerated by appellant. See Divisions 1 and 2 above. Appellant's contention that the verdict was against the weight of the evidence also is without merit. Tonya Davis testified, without objection by the defense except for the meritless prior claim of spousal immunity, regarding the contents of her taped, unsworn recorded statement to a police detective. She admitted in open court that in her prior statement she had told the detective that appellant kicked open the door of the averred building, entered and stole items therefrom; she helped appellant pick up stolen property he dropped while running out of the building and helped him carry that property to their residence. Ms. Sweeting testified that appellant had given her certain purses and two short pants sets as a gift; these items had been taken from the burglarized store. Additionally, Mr. Culver testified that he personally observed appellant enter the burglarized store between 3:00 a.m. and 5:00 a.m. on the averred date and exit the store carrying "garments and stuff." The witness also observed "Tonya" standing on the sidewalk of the next door building; appellant gave some of the items to "Tonya." The eyewitness picked up certain items which appellant left on the sidewalk; the eyewitness has a prior criminal record, including inter alia conviction of sale of marijuana, burglary and forgery in the first degree, numerous other forgery counts, criminal trespass, and theft by receiving. A trial court enjoys a wide discretion in determining the admissibility of evidence. *Spencer v. State*, 260 Ga. 640, 646 (8) (398 SE2d 179). If, as in this case, evidence is duly admissible under any legitimate theory, it should be admitted even though it would not qualify for admission under one or more other evidentiary theories. *Boatright v. State*, 192 Ga. App. 112, 116 (6) (385 SE2d 298).

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED NOVEMBER 16, 1995 —
RECONSIDERATION DENIED JANUARY 4, 1996 —

Willie Frazier, *pro se.*
C. Foster Lindberg, for appellant.
W. Glenn Thomas, Jr., District Attorney, Charles K. Higgins, Assistant District Attorney, for appellee.