## A96A2342. SMITH v. THE STATE.
(480 SE2d 356)

POPE, Presiding Judge.

Defendant Ulysses Smith was convicted by a jury of burglary. On appeal, defendant challenges the sufficiency of the evidence, and further contends that the trial court's examination of his brother was an improper comment on the evidence.

1. The victim testified that she was home with her baby when two men she did not know drove into her driveway and knocked at her door. When she did not answer, they drove off, but they immediately returned, backing the car down the driveway so the car was facing out. She heard kicking at her back door, and she retrieved a gun and phone and then shut herself and her baby in her bedroom. While she was calling 911, she heard glass breaking, and then heard someone removing her television and VCR from the entertainment center. She saw her bedroom door slowly opening and defendant peeked in. He looked at her standing there with the gun, but he continued opening the door. Defendant then smirked and walked toward her, and she fired the gun, wounding him. Defendant and the other man — defendant's 15-year-old brother — left after the shooting. A neighbor whose suspicions were aroused had blocked the victim's driveway, but defendant and his brother drove across the yard and got away.

Defendant did not deny that he was in the victim's house and was shot, but he claimed the burglary was perpetrated by his younger brother without his knowledge or complicity. Defendant said

he was sitting in the car and did not realize his brother was breaking into the house, and that he does not remember why he walked into the bedroom after his brother let him in the door. The brother corroborated defendant's story at trial; but in a pre-trial statement he had told investigators that the burglary was defendant's idea and that defendant had broken the window to get in the house.

Viewed in a light to support the verdict, this evidence was sufficient to enable rational jurors to find defendant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982) (prior inconsistent statement may be considered as substantive evidence of guilt).

2. After defendant's brother testified that defendant was sitting in the car, unaware that he was breaking into the house, the trial judge asked the witness several questions to determine where the car was in relation to the door the witness was kicking. A trial judge has discretion to ask a witness questions to elicit and develop the truth, as long as he or she does not express or intimate an opinion on the facts of the case. *Wilson v. State*, 229 Ga. 224 (2) (190 SE2d 78) (1972), disapproved on other grounds, *Holcomb v. State*, 230 Ga. 525 (198 SE2d 179) (1973). The judge in this case did not (in front of the jury) express or intimate an opinion on the facts of the case, and did not abuse his discretion in questioning defendant's brother.

*Judgment affirmed. Andrews, C. J., and Smith, J., concur.*

DECIDED JANUARY 24, 1997.

*Charles E. Day*, for appellant.

*Alan A. Cook, District Attorney, Jeffrey L. Foster, Assistant District Attorney*, for appellee.