A97A2465. FLANDERS v. THE STATE.
A97A2484. BANFIELD v. THE STATE.
(496 SE2d 344)

JOHNSON, Judge.

A jury found Perry Flanders guilty of burglary and giving a false name to a law enforcement officer. In the same trial, Robert Banfield was found guilty of burglary. Although they have filed separate appeals from the convictions entered on the verdicts, Flanders and Banfield raise similar issues. Therefore, both appeals will be considered in this single opinion.

1. Flanders and Banfield challenge the burglary convictions, contending the verdicts were contrary to or against the weight of the evidence and that the evidence was insufficient to support the convictions.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant[s] no longer [enjoy] a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Frazier v. State*, 219 Ga. App. 768, 771 (3) (467 SE2d 338) (1996). So viewed, the record shows the following: At approximately 2:00 a.m., a store in an area known as Shellman was broken into and food stamps were taken. A neighbor heard the security alarm, went outside and saw a car leaving the area. When a sheriff's deputy arrived, the neighbor told him the car was light in color, large, and had four or five people in it. A short time later, the deputy spotted a car fitting that description parked in an area about ten minutes away from the store. The deputy asked the five occupants for their names. Flanders told the deputy his name was "Chase Johnson." Three of the other occupants also gave the deputy false names,

although one, Banfield, eventually told the deputy his real name. Approximately two hours before the burglary was committed, the same deputy had briefly stopped the same car in the Shellman area. The car was occupied by Banfield and four other males, but, at that time, the officer did not ask the other occupants their names.

After further investigation, all of the men were arrested. Two of the men, Oliver Drake and Flanders' brother, Terry Flanders, after being read and having waived their *Miranda* rights, gave police written statements in which they admitted that all of the men were in the car when they decided to burglarize the store. The two men stated that Perry Flanders and Banfield acted as "lookouts" during the burglary, that Banfield drove the car and allowed one of the other men to use a jack handle from his car to enter the building, and that Banfield kept the food stamps. Drake and Terry Flanders pled guilty.

At trial, Drake and Terry Flanders recanted those parts of their pre-trial statements implicating the appellants, Perry Flanders and Banfield. They testified that, contrary to their earlier statements, the appellants were not present when the burglary was being planned, did not know that the store was being burglarized, did not keep any food stamps, and did not otherwise participate in the burglary. Drake claimed that portions of his written statements were added after he signed the statements and that he made the remaining inculpatory statements only because he believed he would be given a lighter sentence if he implicated Perry Flanders and Banfield. Terry Flanders testified that he falsely implicated Perry Flanders and Banfield because officers told him they would "let [him] out of jail" if he did.

Both appellants argue that the burglary convictions should be reversed because they were based solely on the pre-trial statements of Drake and Terry Flanders, when those statements were recanted at trial. This argument is without merit.

"[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence. . . . If, from all that the jury see of the witness, they conclude that what he says now is not the truth, but what he said before, they are none the less deciding from what they see and hear of that person and in court. There is no mythical necessity that the case must be decided only in accordance with the truth of words uttered under oath in court." (Citation and punctuation omitted.) *Gibbons v. State*, 248 Ga. 858, 862-864 (286 SE2d 717) (1982). The jury was authorized to believe the witnesses' prior inculpatory statements rather than their present exculpatory testimony. *Brown v. State*, 175 Ga. App. 246, 247 (1) (333 SE2d 124) (1985). Although it was not necessary for the two accomplices' statements to be corroborated, see *Frazier v. State*, 257 Ga. 690, 699 (16) (362 SE2d 351) (1987), the evidence did corroborate their pre-trial statements. The

witnesses' prior statements, coupled with evidence that the appellants were in the company of the confessed burglars just before and immediately after the crime was committed, as well as evidence that the appellants gave the officer false names immediately after the burglary, were sufficient to authorize a rational trier of fact to find Flanders and Banfield guilty of burglary beyond a reasonable doubt. See *Smith v. State*, 224 Ga. App. 352, 353 (1) (480 SE2d 356) (1997); *Mosier v. State*, 223 Ga. App. 75, 76 (476 SE2d 842) (1996).

2. Perry Flanders also challenges the sufficiency of the evidence to support his conviction of giving a false name to a law enforcement officer. Flanders does not deny that he gave the officer a false name. Instead, he claims that he lacked the requisite intent to mislead the officer as to his identity because police already knew his name. See OCGA § 16-10-25. We note in passing that Flanders points to no evidence in the transcript showing that the officer who asked him for his name actually knew it. We note further that the question of whether Flanders *intended* to mislead the officer is quite different from that of whether the officer was actually misled.

More importantly, "[w]hether the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous." (Citation and punctuation omitted.) *Watson v. State*, 222 Ga. App. 814, 816 (476 SE2d 96) (1996). Considering the circumstances of the case as proved, the evidence was sufficient to convince a rational jury that Flanders intended to mislead the officer as to his identity. See *Douglas v. State*, 194 Ga. App. 182 (390 SE2d 98) (1990). See generally *Grisson v. State*, 225 Ga. App. 816, 817-818 (484 SE2d 802) (1997).

*Judgments affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 23, 1998.

*James R. Coppage*, for appellant (case no. A97A2465).
*Roy L. Allen, Jr.*, for appellant (case no. A97A2484).
*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney*, for appellee.