## A09A0278. IN RE ESTATE OF SMITH.
### (679 SE2d 760)

DOYLE, Judge.

Robert Lewis Smith died intestate. Ann Olds filed a petition for letters of administration with the probate court, claiming that she was Robert's wife.[1] After the probate court entered a "Final Order" appointing Ann as the administrator of the estate and issuing Letters of Administration, Timothy Smith — one of Robert's sons — filed a motion to set aside the order, contending that Ann was not Robert's surviving spouse. Following an evidentiary hearing, the probate court entered an order finding that there was no common-law marriage between Robert and Ann, setting aside the order appointing Ann as administrator of the estate and revoking the Letters of Administration issued to Ann. Ann challenges the probate court's ruling on appeal, and we affirm, for reasons that follow.

When an "alleged marriage is unlicensed and nonceremonial,

---

[1] Ann also filed a wrongful death action as Robert's surviving spouse and on behalf of his four surviving children and his estate.

the burden is on the proponent to prove that a common-law marriage existed."[2] Although Georgia does not recognize common-law marriages entered into after January 1, 1997, "[o]therwise valid common-law marriages entered into prior to January 1, 1997 . . . shall continue to be recognized in this state."[3] As the party asserting the existence of a common-law marriage, Ann "must establish its existence by a preponderance of the evidence."[4] Moreover, an order finding that no common-law marriage existed must be upheld on appeal if there is any evidence to support the finding.[5] "In order for a common[-]law marriage to come into existence, the parties must be able to contract, must agree to live together as man and wife, and must consummate the agreement. All three of these elements as set forth in OCGA § 19-3-1 must be met simultaneously."[6] Further, "[a] legal marital relationship cannot be partial or periodic."[7]

Here, Ann testified at the hearing that she and Robert began dating and moved in together in 1993. According to Ann, Robert wanted to marry her, but "he could not get married because he had a warrant out for his arrest . . . and he was afraid to really put his name on anything." Ann testified that she and Robert lived together as husband and wife, sharing finances and a bed, and raised their daughter together. According to Ann, she and Robert ceased living together for "a few months" in 1996, and they "separated a few times," but otherwise lived together "off and on" from 1993 until his death in 2006; Ann admitted on cross-examination that she had another boyfriend during a period of time in 2000 when she was separated from Robert. Ann also stated that "everybody in the Winder area and half of Athens that knows [them] knows [her] as [Robert's] wife."[8]

Timothy Smith also testified at the hearing, stating that his father never held himself out as Ann's husband and that Ann did not refer to herself as Robert's wife before his death. Bernice Smith testified that she married Robert in 1971 and thereafter filed for divorce in 1976; Robert later told Bernice that because he never signed the divorce papers, they were still legally married. According to Bernice, she did not know that she was divorced from Robert until she saw a copy of the divorce decree after his death. Bernice also

---

[2] *In re Estate of Love*, 274 Ga. App. 316, 319 (1) (618 SE2d 97) (2005).

[3] OCGA § 19-3-1.1.

[4] *Dismuke v. C & S Trust Co.*, 261 Ga. 525, 526 (1) (407 SE2d 739) (1991).

[5] See *In re Estate of Wilson*, 236 Ga. App. 496, 499 (1) (j) (512 SE2d 383) (1999).

[6] (Footnote omitted.) *In re Estate of Love*, 274 Ga. App. at 319 (1).

[7] (Citations omitted.) *In re Estate of Dunn*, 236 Ga. App. 211, 213 (2) (b) (511 SE2d 575) (1999).

[8] Ann did not, however, present a witness to confirm this assertion.

testified that neither Ann nor Robert ever told her that they were married to each other.

At the hearing, Ann testified that Robert was the father of her daughter, Kristy B. Olds, but Robert is not listed as the father on Kristy's birth certificate.[9] The birth certificate lists an Athens address for Ann, who testified that she was living with "a girlfriend" at the time. Ann did not produce any of her tax returns, but testified that she filed her tax returns as single, head of household. Ann introduced a copy of a lease agreement "between Robert Smith and Ann Smith" and the landlord, which was executed by "Ann Smith" on February 1, 1996. Ann also introduced a copy of a 2006 power bill in Robert's name for an address on Spring Valley Road in Athens, as well as a sales slip from a furniture store for Robert with the same Spring Valley Road address,[10] which was signed by "Ann Olds," and a separate bill from the same store dated 2006 that listed both Robert and "Ann Smith" as the account holders. Ann also submitted vehicle registration records from the Georgia Motor Vehicle Division for three cars (dated 2006 and 2005), two of which listed Robert as the owner — at the Spring Valley Road address — and one which listed "Ann Gale Olds" as the owner, also at the Spring Valley Road address. The property manager for the Spring Valley Road address sent a demand for possession of the property after Robert's death, listing Robert only, not Ann. Finally, Robert's death certificate lists "Ann Conner" as his spouse.

In its final order, the trial court concluded that because Ann did not produce a copy of the divorce decree dissolving Robert's prior marriage to Bernice, Ann "failed to establish that Mr. R. Smith had the requisite capacity to contract marriage with . . . Olds." The trial court also found that although Ann presented evidence and testimony that she lived with Robert between 1993 until his death, "[a] majority of her evidence . . . is dated after January 1, 1997, on which date common-law marriage ceased to be recognized in [Georgia]" and that "[t]aking the record as a whole, the residential lease [from 1996] is not enough to overcome the weight of the evidence against common-law marriage."

Pretermitting whether there was sufficient evidence submitted that Robert and Bernice were officially divorced, the remaining evidence is conflicting as to whether Robert and Ann entered into a common-law marriage. While Ann presented some evidence of her purported common-law marriage to Robert before 1997, evidence to

---

[9] In its order, the probate court stated that there was a paternity test being conducted in the superior court in the wrongful death case to determine whether Kristy was the biological child of Robert.

[10] The year on the sales receipt is cut off, but it clearly begins with "20."

the contrary also exists, including that Ann and Robert separated numerous times, Ann had a boyfriend during one such separation, she filed income tax returns as a single person, and she did not list Robert as the father on Kristy's birth certificate or give her daughter Robert's last name. In addition, Ann was the only witness who testified in support of her common-law marriage; the remaining witnesses — Bernice and Timothy — testified that neither Ann nor Robert held themselves out as husband and wife.

It is well settled that we must affirm a factfinder's determination regarding whether a common-law marriage exists if there is any evidence to support the finding.[11] Thus, " 'although the evidence is in conflict, there exists some evidence to support the trial court's finding of the nonexistence of a common[-]law marriage, and we will not disturb that finding on appeal.' "[12]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 3, 2009.

*Page Perry, Craig T. Jones*, for appellant.
*Crim & Bassler, Harry W. Bassler, Regina M. Quick, Gary Gerrard*, for appellee.

---

[11] See *In re Estate of Wilson*, 236 Ga. App. at 489-499 (1) (j); *Frazier v. State*, 219 Ga. App. 768, 770 (1) (467 SE2d 338) (1996).

[12] (Footnote omitted.) *In re Estate of Wilson*, 236 Ga. App. at 499 (1) (j). See also *Jordan v. State*, 267 Ga. 442, 446 (2) (480 SE2d 18) (1997) (no marriage where evidence equivocal); *In re Estate of Dunn*, 236 Ga. App. at 212-213 (2) (b) (no common-law marriage where evidence conflicting); *Frazier*, 219 Ga. App. at 770 (1) (no marriage found in light of conflicting evidence).